IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENEFICIAL FINANCIAL I, INC.,

    Plaintiffs,           CIV. NO. S-11-0442 KJM GGH PS

    vs.

JOHNNY LAWRENCE,

                        FINDINGS &

    Defendants.        RECOMMENDATIONS

        Defendant Johnny Lawrence, proceeding pro se, filed on February 17, 2011 a Notice of Removal of an unlawful detainer action filed against him in state court. Plaintiff Beneficial Financial I Inc. ("Beneficial Financial") has now filed a motion to remand. Defendant has not filed a response. After reviewing the application, the court recommends that the case be remanded to state court.[1]

BACKGROUND

        Defendant was sued in state court in an unlawful detainer action for his refusal to quit and deliver possession of residential real property purchased by plaintiff at a non-judicial foreclosure sale.

\\\\

---

[1] The case has been referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

1

1    Defendant filed a petition for removal, alleging that the notice to vacate the
2 premises was defective.  He claims the court has federal question jurisdiction pursuant to 28
3 U.S.C. § 1441(a) and/or (b) because "[t]he complaint presents federal questions."  (Def.'s Notice
4 of Removal at 2.)  Plaintiff moves for remand, contending that the filing of the removal was
5 untimely because it was filed almost two months after defendant first appeared in the state court
6 action, in violation of 28 U.S.C. § 1446(b).  Plaintiff states that defendant telephonically agreed
7 to execute a stipulation consenting to the remand; however, such a stipulation has not been filed
8 with the court.

DISCUSSION

Plaintiff is correct in its argument that the removal notice was untimely filed.

> The notice of removal of a civil action or proceeding shall be filed
> within thirty days after the receipt by the defendant, through
> service or otherwise, of a copy of the initial pleading setting forth
> the claim for relief upon which such action or proceeding is based,
> or within thirty days after the service of summons upon the
> defendant if such initial pleading has then been filed in court and is
> not required to be served on the defendant, whichever period is
> shorter.

28 U.S.C. § 1446(b).

The unlawful detainer action was filed in Sutter County Superior Court on December 7, 2010. (Withem Decl., ¶ 10.)  Defendant appeared in that action on December 20, 2010.  (Id., Ex. B.)  Defendant filed the notice of removal on February 17, 2011, more than thirty days after he appeared in the state court case.  Therefore, his removal was untimely.

Moreover, even if the removal notice had been timely filed, a district court has an independent duty to examine its own jurisdiction and remand a removed action "since removal is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment ...." Sparta Surgical Corp. v. National Ass'n. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966 (1998); FW/PBS, Inc. v. City of Dallas, 493 U.S.

1  215, 229, 110 S. Ct. 596, 606-07 (1990); Harris v. Provident Life and Acc. Ins. Co., 26 F.3d 930,
2  932 (9th Cir. 1994).

3  Removal jurisdiction statutes are strictly construed against removal. See Libhart
4  v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be
5  rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980
6  F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party
7  invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994)
8  (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)).

9  A plaintiff may bring suit in federal court if his claim "arises under" federal law.
10 28 U.S.C. § 1331. In that situation, the court has original jurisdiction. A state court defendant
11 cannot invoke the federal court's original jurisdiction. But he may in some instances invoke the
12 court's removal jurisdiction. The requirements to invoke removal jurisdiction are often identical
13 to those for invoking its original jurisdiction. The requirements for both relate to the same end,
14 that is, federal jurisdiction.

15 Removal of a state court action is proper only if it originally could have been filed
16 in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by
17 removal, only those cases in which a well-pleaded complaint establishes either that federal law
18 creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution
19 of a substantial question of federal law." Franchise Tax Board v. Construction Laborers
20 Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal
21 law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90,
22 93 (3d Cir. 1992). A defense to an action, based on constitutional rules of general applicability,
23 is not a sufficient basis to remove an action to federal court. See id.; Berg v. Leason, 32 F.3d
24 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one
25 based on federal preemption ... renders an action brought in state court removable."). Defendants
26 have not raised any federal questions, and have not shown that they are unable to raise their

3

1  federal constitutional rights in state court.

2  This court has no jurisdiction over unlawful detainer actions which are strictly
3  within the province of state court. Defendant's apparent attempt at creating federal subject
4  matter jurisdiction by simply stating so will not succeed. See <u>Catee v. Capital One, F.S.B.</u> 479
5  F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will
6  not permit removal). To the extent that plaintiff's removal indicates an attempt to raise federal
7  defenses, such defenses cannot be grounds for removal. <u>ARCO Environmental Remediation,</u>
8  <u>LLC v. Dept. of Health and Environmental Quality of the State of Montana</u>, 213 F.3d 1108, 1113
9  (9th Cir. 2000).

10  Based on the aforementioned analysis, the court finds that remand is appropriate
11  because the removal notice was untimely filed, and because there is no subject matter
12  jurisdiction. Pursuant to 28 U.S.C. § 1447(c), where it appears the court lacks subject matter
13  jurisdiction, the court shall make an order for remand. The petition for removal and the state
14  court record filed in this case demonstrate that the underlying proceedings are not removable to
15  this court.

16  Defendant's delay tactics are quite apparent, including the conclusory nature of
17  the removal notice, which indicates that defendant obtained a boilerplate form and inserted no
18  facts specific to this case. The undersigned finds that the case must be summarily remanded.

19  CONCLUSION

20  IT IS HEREBY RECOMMENDED that:

21  1. The state action be summarily remanded to Sutter County Superior Court;

22  2. The Clerk serve a certified copy of this order to the Clerk of the Sutter County
23  Superior Court, and reference the state case number (CVCM 10-2773) in the proof of service;
24  and

25  3. The Clerk be directed to close this case.

26  \\\\

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
3  fourteen (14) days after being served with these findings and recommendations, any party may
4  file written objections with the court and serve a copy on all parties.  Such a document should be
5  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
6  objections shall be served and filed within fourteen (14) days after service of the objections.  The
7  parties are advised that failure to file objections within the specified time may waive the right to
8  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: 05/04/2011

10                                  /s/ Gregory G. Hollows
11                                  UNITED STATES MAGISTRATE JUDGE

12  GGH:076/Beneficial0442.rem.wpd